UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL HERNANDEZ RUIZ, JR., | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-644-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Paul Hernandez Ruiz, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISO-21-4-16) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. Following a hearing, he was sanctioned with the loss of sixty-five days earned credit time and a demotion in credit class.

Ruiz argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by finding him guilty despite video recording evidence that proved his innocence. He further maintains that the hearing officer demonstrated bias by declining to credit his testimony that he was coerced by another inmate into admitting that he committed the offense. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official

who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officer was personally involved with the discovery of the cellphone that was the subject of conduct report against Ruiz. Further, the court has reviewed the video recording evidence. ECF 14. The footage does not focus on the location where the cellphone was discovered and so provides no material information as to whether Ruiz was guilty or innocent of the offense. Further, it is unclear why Ruiz believes that the hearing officer's decision to credit Ruiz's prior admission of guilt amounts to impermissible bias. Though the finding of fact may have adversely effected Ruiz, adverse rulings alone are insufficient to demonstrate improper bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Ruiz argues that he is entitled to habeas relief because he received inadequate notice of the disciplinary charges against him when the hearing officer found him guilty of Offense 215 - Unauthorized Possession of Property rather than Offense 121 - Possession of a Cellular Device as charged in the screening report.[1] To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). According to the administrative record, correctional staff notified Ruiz of the factual basis of his disciplinary charge, which remained the same at the disciplinary hearing.

---

[1] According to departmental policy, Offense 215 is a lesser-included offense of Offense 215. ECF 10-8 at 3.

2

ECF 10-1; ECF 10-3; ECF 10-4. Further, Ruiz does not explain how the change to a lesser-included offense prevented him from preparing a defense or how his defense would have differed had he been charged with Offense 215 rather than Offense 121. Therefore, the claim that Ruiz received inadequate notice of the charge is not a basis for habeas relief.

In sum, Ruiz has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Ruiz wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Paul Hernandez Ruiz, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on January 13, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT